# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHERARD JENKINS,

        Plaintiff,

        v.                                             Case No. 06-C-919

JOSEF SABRE, KARL TUREK,
TINA BUCHHOLZ, and DONNA KOWSKI,

        Defendants.

## ORDER

      Plaintiff Sherard Jenkins, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed *in forma pauperis*. On October 20, 2006, Chief Judge Rudolph T. Randa granted the plaintiff's motion for leave to proceed *in forma pauperis* on an Eighth Amendment claim based on allegations that the defendants deprived the plaintiff of his right to be free from cruel and unusual punishment when they failed to provide medical care for injuries he received in a fall. On February 5, 2007, this case was reassigned to me based upon consent of the parties. There are several motions pending which will be addressed herein.

      The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General

Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

On April 2, 2007, the plaintiff filed a motion for production of documents. He requests that the court have each defendant submit certain discovery, including, among other things, the defendants' job functions, contact that each defendant had with the plaintiff, medical records, and administrative regulations.

Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id.*

The motion before the court appears to be the plaintiff's initial request for discovery. As he has not indicated that he made any such prior demand of the defendants or engaged in the required personal consultation, court action would be premature. Therefore, the plaintiff's motion for production of documents will be denied.

On March 29, 2007, the plaintiff filed a motion for extension of time and on April 17, 2007, he filed a motion for enlargement of time. The latter motion seeks a 90-day extension of time to conduct discovery and file dispositive motions. The plaintiff states that the institution where he

resides has been on lock-down for several months and he is therefore unable to go to the law library to conduct legal research. The defendants have not filed a response to either motion. Upon due consideration, the court will granted the plaintiff's April 17 motion for enlargement of time. The January 22, 2007, Scheduling Order will be amended as follows: the deadline for the completion of discovery is August 13, 2007, and the deadline for filing dispositive motions is September 14, 2007.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for extension of time (Docket #26) be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for production of documents (Docket #27) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #28) be and hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Scheduling Order is amended as follows: the deadline for the completion of discovery is **August 13, 2007**, and the deadline for filing dispostive motions is **September 14, 2007**.

**SO ORDERED** this 14th day of May 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge