# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHERARD JENKINS,

          Plaintiff,

    v.                                                    Case No. 06-C-919

JOSEF SABRE, KARL TUREK,
TINA BUCHHOLZ, and DONNA KOWSKI,

          Defendants.

## ORDER

Plaintiff Sherard Jenkins, who is currently incarcerated at the Oakhill Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is proceeding *in forma pauperis* on an Eighth Amendment claim based on allegations that the defendants deprived him of his right to be free from cruel and unusual punishment when they failed to provide medical care for injuries he received in a fall. There are several motions pending which will be addressed herein.[1]

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

---

[1] The defendants' July 25, 2007, motion for summary judgment and the plaintiff's August 7, 2007, cross-motion for summary judgment will be addressed in a subsequent order.

## Plaintiff's Discovery Motions

On May 23, 2007, the plaintiff filed "Plaintiff's Motion to Expand His Interrogatories" (Docket #32) in which he seeks additional time to serve more interrogatories. The plaintiff asserts that answers to his interrogatories are needed to prepare his brief which he states is due on May 25, 2007.[2]

On May 23, 2007, the plaintiff filed "Plaintiff's First Set of Interrogatories" (Docket #34) seeking a court order compelling defendants Sabre and Turek to answer fourteen interrogatories. The court construes this motion as a motion to compel discovery. According to the plaintiff, he submitted these interrogatories to the defendants pursuant to Federal Rules of Civil Procedure 33 and 34, and he has not received answers to any of the interrogatories, which he states were to be completed by April 23, 2007.

On May 23, 2007, the plaintiff filed "Plaintiff's First Set of Interrogatories" (Docket #35) in which he seeks a court order compelling defendants Buchholz and Kowski to answer twenty-five interrogatories. The court construes the plaintiff's filing as a motion to compel discovery. As with his previous motion, the plaintiff asserts that he submitted these interrogatories to the defendants pursuant to Federal Rules of Civil Procedure 33 and 34, and he has not received answers to any of them, which he states were to be completed by April 23, 2007.

On June 21, 2007, the plaintiff filed "Plaintiff's Motion for Production of Documents" (Docket #36), which the court construes as a motion to compel discovery. The plaintiff requests that the court compel the defendants to submit the following:

---

[2] The court notes that the original Scheduling Order set a dispositive motion filing deadline of May 25, 2007. However, on May 14, 2007, the court issued an Amended Scheduling Order, setting a discovery deadline of August 13, 2007 and a dispositive motion filing deadline of September 14, 2007.

2

> their job functions (responsibilities;" each defendant's job-title [sic]; thus, all contact each defendant had with the Plaintiff, Sherard Jenkins, prior to and after his injuries occurred while under the supervision of the Defendant, David Clarke, Jr.; all medical records relating to the plaintiff's injuries and the time and place where plaintiff's injuries took place; the screening medical sheet (data) listing the injuries, date of plaintiff's injuries taken place and the time; all rules, policies, regulations governing transportation of state prisoners and memorandums governing HSU Emergency, Interview or Appearance Policies; all the documents submitted to HSU and each defendant relating to his injuries that he sustained while under the supervision of the Defendant, David Clarke, Jr., including all physical contacts; all replies given from each defendant; and how long each defendant has been employed along with their qualifications. This discovery demand is subject to an ongoing (DD) as required by Rules 34 and 37(a), as deemed just and equitable.

(Pl.'s Mot. for Prod. of Docs. at 1-2.)

Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civil L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Federal Rule of Civil Procedure 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id.*

The plaintiff's motions do not indicate that he has engaged in the required personal consultation. As such, court action would be premature. Therefore, the plaintiff's motions to compel discovery will be denied.

However, it is not clear where the parties currently stand with respect to the plaintiff's discovery requests. It appears that the defendants answered at least some of the plaintiff's discovery

3

requests after he filed his above-stated motions. Moreover, the plaintiff has filed a cross-motion for summary judgment in which he argues that the undisputed material facts warrant judgment in his favor in this case. On the other hand, the defendants did not file responses to any of the plaintiff's discovery motions. Also, in the "Plaintiff's Reply in Opposition to the Defendants' Motion for Summary Judgment," the plaintiff asserts that the defendants' "license[d] attorney understood all discovery demands and neglected to supply plaintiff with each 'interrogatories' requested from the defendants [sic]." (Pl.'s Reply at 3.) Finally, on September 28, 2007, the plaintiff filed a motion for an enlargement of time of thirty days "to complete all and any other motions that must be filed in this case." Although this motion does not explicitly mention discovery, it is likely that the plaintiff is referring to discovery as this motion was filed after the parties filed their dispositive motions.

Based on the foregoing, the court will grant the plaintiff's motion for enlargement of time in that the plaintiff will be granted thirty days from the date of this order to inform the court whether the defendants answered his prior discovery requests and, if not, what they did not answer. (The plaintiff may not use this as an opportunity to seek "new" discovery; the enlargement of time is only allowed for clarifying what already-asked discovery questions have not been answered by the defendants, if any.) The defendants will then be granted twenty-one days to respond to the plaintiff's filing.

**Plaintiff's Motion to Supplement or Amend the In Camera Document "Screening Sheet"**

The plaintiff filed this motion on August 27, 2007, and attached thereto a document titled "Milwaukee County Correctional Health Care - Milwaukee County Jail Screening For HOC Inmates, CJF Inmates Taken By Jurisdictions For Questioning, State And MSDF Prisoners." The plaintiff asserts that after several discovery requests, he finally received this document from the defendants on August 13, 2007. He further asserts that the document is relevant to his claim and requests that the

4

court include it in consideration of his cross-motion for summary judgment, which he filed on August 7, 2007.

The court has reviewed the "Screening Sheet". Upon due consideration, it will be included in consideration of the parties' summary judgment materials. As such, the plaintiff's motion will be granted.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion to supplement (Docket #32) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket #34) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket #35) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for production of documents (Docket #36) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement (Docket #53) be and hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #59) be and hereby is **GRANTED**. Specifically, the plaintiff is granted thirty days from the date of this order to inform the court whether the defendants have answered his prior discovery requests. The defendants shall respond to this filing within twenty-days after it is filed

Dated at Milwaukee, Wisconsin this 13th day of November, 2007.

BY THE COURT:

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge