# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHERARD JENKINS,

            Plaintiff,

            v.                                      Case No. 06-C-919

JOSEF SABRE, KARL TUREK,
TINA BUCHHOLZ, and DONNA KOWSKI,

            Defendants.

## DECISION AND ORDER

Plaintiff Sherard Jenkins, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is proceeding *in forma pauperis* on an Eighth Amendment claim based on allegations that the defendants deprived him of his right to be free from cruel and unusual punishment when they failed to provide medical care for injuries he received in a fall. Both parties have filed a motion for summary judgment. These motions are ready for resolution and will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

### Standard for Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the nonmovant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact; and (2) an entitlement to judgment as a matter of law – is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Id.* at 267; *see also Celotex Corp.*, 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial"). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The fact that both parties have moved for summary judgment, and thus both parties simultaneously are arguing that there is no genuine issue of fact, does not establish that a trial is unnecessary or empower the court to enter judgment as it sees fit. *See* 10A Charles Alan Wright, *et al.*, § 2720 at 327-28 (3d ed. 1998). The court may grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law on the basis of the material facts not in

dispute. *See Mitchell v. McCarty*, 239 F.2d 721, 723 (7th Cir. 1957). Cross motions for summary judgment do not convert a dispute into a question of law if material factual questions are involved and additional evidence may be adduced at trial which would be helpful in the disposition of the case. *See M. Snower & Co. v. United States*, 140 F.2d 367 (7th Cir. 1944). Each party, as a movant for summary judgment, bears the burden of establishing that a genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. The fact that one party fails to satisfy that burden on its own motion does not automatically indicate that the opposing party has satisfied its burden and must be granted summary judgment on the other motion. *See* 10A Charles Alan Wright, *et al.*, § 2720 at 335.

## Facts

**1. Defendants' Proposed Findings of Fact**[1]

On Monday, November 29, 2004, defendants Sheriff's Deputies Josef Sabre and Karl Turek transported the plaintiff from Redgranite Correctional Facility to the Milwaukee County Jail. (Compl. ¶ 8; Affidavit of Josef Sabre [Sabre Aff.] ¶¶ 2-3; Affidavit of Karl Turek [Turek Aff.] ¶¶ 3-4.) Upon arrival at the Milwaukee County Jail, the deputies were assisting other inmates in exiting the transport van when the plaintiff attempted to walk down the stairs of the van on his own. (Sabre Aff ¶ 3; Turek Aff. ¶ 4.) The plaintiff then lost his balance and fell onto the floor of the van in a seated position. (Sabre Aff. ¶ 4.) After helping the first inmate out of the van, defendant Deputy Sabre immediately took the plaintiff by his right arm and helped him back up to a standing position. (Sabre Aff. ¶ 5.)

---

[1] This section is taken from the defendants' Proposed Findings of Fact filed in support of their motion for summary judgment.

Once the plaintiff was standing, defendant Sabre secured the plaintiff and helped him descend the stairs, all the while holding onto his arm until he was on the ground. (Sabre Aff. ¶ 6.) Deputy Sabre then turned around to help the next inmate out of the van. (Sabre Aff. ¶ 7.) As Deputy Sabre was doing so, the plaintiff fell to the ground. (*Id.*) Deputy Sabre turned to see the plaintiff lying on the floor and noticed that the chain from his leg irons had become twisted around a bolt that extended upward from the bottom of the van's stairs. (Sabre Aff. ¶ 8; Compl. ¶ 9.) Deputy Sabre finished helping the other inmate out of the van and then immediately began to assist the plaintiff while defendant Deputy Turek took the other inmates into the pre-book area. (Sabre Aff. ¶ 9; Compl. ¶ 9.)

Once in the pre-book area, defendant Turek notified the medical staff and requested their assistance for the plaintiff. (Sabre Aff. ¶ 10; Turek Aff. ¶ 8; Compl ¶ 10.) At that time, defendant Nurse Tina Buchholz arrived to evaluate the plaintiff, and defendant Nurse Donna Kowski medically cleared him. (Sabre Aff. ¶ 11; Compl. ¶ 10.) The plaintiff was asked to show the nurses where he was hurt, and he explained that he had head, shoulder, and ankle pain. (Sabre Aff. ¶ 12; Turek Aff. ¶ 9; Compl. ¶¶ 9-10.) Nurses Buchholz and Kowski administered pain medication for the pain he said he felt. (Sabre Aff. ¶ 12; Compl. ¶ 11.) Deputy Sabre then helped the plaintiff to a standing position and took him to the pre-book area with the other inmates. (Sabre Aff. ¶ 13.)

No employee of Milwaukee County refused to give the plaintiff medical care or treatment. (Sabre Aff. ¶ 15; Turek Aff. ¶ 12.) Defendant Deputy Turek stayed with the inmates while the jail's medical staff cleared all of them. (Sabre Aff. ¶ 14; Turek Aff. ¶ 11.) After his stay at the Milwaukee County Jail, the plaintiff transported back to the Redgranite Correctional Facility without incident. (Compl. ¶ 14.)

**2. Plaintiff's Proposed Findings of Fact**[2]

On November 29, 2004, the plaintiff, along with some other inmates, was transferred from Redgranite Correctional Facility to the Milwaukee County Jail. (Compl. ¶ 8; Affidavit of Sherard Jenkins [Jenkins Aff.] ¶ 3.) Defendants Sabre and Turek neglected their legal duty to assist the plaintiff being released from the transportation van like they assisted the other inmates getting out of the van. (Jenkins Aff. ¶ 4.) Due to defendants Sabre and Turek's negligence in not assisting the plaintiff out of the van, he fell to the ground. (Jenkins Aff. ¶ 5.) The shackles on the plaintiff's feet became twisted which caused him to sustain some injuries for life. (*Id.*)

Defendants Sabre and Turek did not immediately help the plaintiff to his feet. (Jenkins Aff. ¶ 6.) Rather, the other inmates were being assisted while he lay on the pavement in pain. *Id.* Defendants Sabre and Turek refused to wheel the plaintiff into the booking room and instead compelled him to walk there in pain. (Jenkins Aff. ¶ 7.) Defendants Sabre, Turek, Buchholz, and Kowski were indifferent to the plaintiff's serious medical need and deprived him of proper medical treatment while he was in "a lot of pain." (Jenkins Aff. ¶ 8.)

**3. Exhibits**

The plaintiff submitted several exhibits which are attached to his Proposed Findings of Fact. Exhibit A is titled Milwaukee County Sheriff's Department Incident. This report lists the names of the November 29, 2004, incident participants and also includes defendant Sabre's narrative of the incident. (Pl.'s Ex. A.)

Exhibit B includes "Progress Notes" dated December 1, 2004, that state in relevant part: "Returned from Milwaukee Cty Jail. States fell when getting out of van when arrived at Mil. Cty.

---

[2] This section is taken from the plaintiff's Proposed Findings of Fact to the extent the proposed facts therein properly cite to evidentiary materials in the record and would be admissible in evidence. *See* Fed. R. Civ. P. 56(e)(1). Facts are also taken from the plaintiff's affidavit.

States hit top of head, fell on L shoulder & cuffs injured R ankle at the time, also states injury to L top of L hand. Ankle [] bruise; able to rise arm [] difficulty, sm bump noted on top of head, scrape and sl. swelling of top of L hand. Ibuprofen given for pain and will F/U on Friday." (Pl.'s Ex. B. at 1.) The notes from December 6, 2004, state: "Seen for F/U of above. No limp, [] swelling, c/o lingering pain lateral aspect R knee. [] bad. Will F/U as needed. Healing well." (*Id.*) Exhibit B also includes a Health Transfer Summary indicating that the plaintiff was received at Redgranite Correctional Institution on December 1, 2004. (*Id.* at 2.) The medical conditions notes indicate that the plaintiff fell off a van and that he has a history of acid reflux. (*Id.*)

Exhibit C includes "patient counseling" forms for two medications, Naproxen and Piroxicam, that the plaintiff apparently was prescribed. (Pl.'s Ex. C. at 1.) There is also a Health Service Request form that the plaintiff made on April 15, 2006, to speak with a doctor because of shoulder and neck pain. (*Id.* at 2.) The form indicated that the plaintiff was scheduled to see a doctor on May 15. (*Id.*)

Exhibit D is a witness statement:

On 1-29-2004, I RICCO PAYTON was being transported to the MILWAUKEE COUNTY JAIL, from the REDGRANITE Corr. Inst. along with several other inmates. When we got the MILW. Co. Jail, the transportation officers [sic], was not helping us in a proper way out of the van, as one of the inmate Sherard Jenkins, about to exit the van I saw Sherard Jenkins fall (while still in the van, between the doors). As Jenkins asked for help by one of the officers, he propped himself up. As inmate Jenkins started to go down the van steps, his leg chain snagged on bolt that was sticking up from the last step of the van. Inmate Jenkins was laying on the ground yelling to the officers that he was in pain. The officers did not attempt to help right away as Jenkins laying on the ground! The officers then called for medical service about 3-7 min, later! I was the last person to exit the van to witness the incident of the situation of what happen[.]

(Pl.'s Ex. D. at 1.)

Exhibit E is correspondence regarding a medical Screening Sheet. On August 27, 2007, the plaintiff submitted a "Screening Sheet" which he asserts that the defendants would not disclose

previously. The document, which is dated November 29, 2004, is titled "Milwaukee County Correctional Health Care Milwaukee County Jail Screening for HOC Inmates, CJF Inmates Taken by Jurisdictions for Questioning, State and MSDF Prisoners." This sheet describes the plaintiff's injuries from his fall as follows: "Fell in sally port - [ ] cuts to hands - lump on head [ ] - acid reflux." The following page includes an "assessment" which is very difficult to read. As far as the court can decipher, it states: "S: 'I hurt all over.' O: [ ] co ankles hurting [ ] ambulation. 1 [ ] cut to lt [ ] hand. No other cuts seen. Says he has acid reflux & a bump on his head. Sm. round area on middle of head [ ]. A: [ ]."

## Analysis

The defendants contend that there is no evidence in this case that any defendant acted with deliberate indifference to the plaintiff's health or safety. Rather, they assert that defendant Turek sought medical assistance for the plaintiff out of concern for his health and safety and this same concern led to a medical evaluation and medical clearance.

The plaintiff contends that the acts and conduct of the defendants were malicious, and that they intentionally, willfully, and deliberately deprived him of his constitutional right to be free from cruel and unusual punishment. The plaintiff also contends that the defendants were intentionally and deliberately indifferent to the plaintiff's serious medical treatment. The plaintiff asserts that: (1) he has stated a cause of action against each defendant and that relief can be granted by this court and by a jury trial; (2) he has submitted his affidavit, documents (evidence) contradicting the defendants' assertions in this case; (3) he has submitted the inmates' names who witnessed how he fell from the van and they can give credible testimony on how the defendants were indifferent to the plaintiff's serious medical need and how the plaintiff was deprived of defendants Sabre and Turek's immediate

7

assistance when he fell from the van; and (4) there are genuine issues for trial. (Pl.'s Br. in Support of Mot. for Summ. J. at 1-2.)

In reply, the defendants contend that the plaintiff has shown no evidence demonstrating that his medical need was objectively serious and that he can produce no evidence to show he suffered from an objectively serious injury. The defendants further contend that the plaintiff has presented no evidence that any official from Milwaukee County refused to care for him, except for his own statements.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez*, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. *See Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir. 1999); *Gutierrez*, 111 F.3d at 1371.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Farmer*, 511 U.S. at 840-42).

In this case, it is undisputed that the plaintiff fell. According to the defendants, the first time the plaintiff fell, he fell onto the floor of the van in a seated position after attempting to walk down the stairs of the van on his own. Defendant Sabre finished helping an inmate out of the van and then immediately took the plaintiff by his right arm and helped him back up to a standing position. Defendant Sabre then helped the plaintiff descend the van stairs, all the while holding onto his arm until he was on the ground. Next, as defendant Sabre turned around to help the next inmate out of the van, the plaintiff fell again. Defendant Sabre turned to see the plaintiff lying on the floor and noticed that the chain from his leg irons had become twisted around a bolt. After finishing helping an inmate out of the van, defendant Sabre immediately began to assist the plaintiff while defendant Turek took the other inmates into the pre-book area. Once in the pre-book area, the plaintiff was examined by defendants Nurses Buchholz and Kowski. The plaintiff explained to them that he had head, shoulder, and ankle pain. Nurses Buchholz and Kowski examined the plaintiff and administered pain medication for the pain he said he felt.

The plaintiff disputes the defendants' version of the incident to the extent that he avers that defendants Sabre and Turek neglected their legal duty to assist him exiting from the van like they

9

assisted the other inmates getting out of the van. According to the plaintiff, he fell to the ground due to defendants Sabre and Turek's negligence in not assisting him out of the van. The plaintiff also avers that defendants Sabre and Turek did not immediately help the plaintiff to his feet. However, the defendants do not dispute this since they acknowledge that after the plaintiff fell, defendant Sabre observed that he fell and, after he finished assisting another inmate out of the van, he immediately turned to help the plaintiff.

It is unclear whether the plaintiff's injury from the fall constitutes a "serious medical need." Although the medical records and other submitted exhibits do not support the plaintiff's claim that his injury was severe, the plaintiff avers that he received a serious injury that will affect him for life. It is undisputed that he received medical treatment as well as prescription pain medication for his injuries. In any event, it is not necessary to determine whether the plaintiff's injuries were sufficiently serious since the facts of this case do not support a finding that any defendant acted with deliberate indifference.

The undisputed facts reveal that defendant Sabre attempted to help the plaintiff both times he fell. The plaintiff emphasizes that defendant Sabre did not help him right away but rather went on assisting other inmates while the plaintiff was lying in pain. It is undisputed that after the plaintiff fell the second time, which apparently was the time that he got injured, defendant Sabre finished assisting another inmate down the van stairs before turning to help the plaintiff. To the court, this seems to be the most prudent action to take, for if defendant Sabre had stopped in the middle of assisting the other inmate to help the plaintiff, confusion leading to another fall could have taken place. However, even if the defendants Sabre and Turek were negligent, as the plaintiff claims, negligence does not support a claim for deliberate indifference.

To establish a violation of the Eighth Amendment, a plaintiff must show that a prison official was deliberately indifferent to a substantial risk of serious harm to an inmate. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. *Id.* Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless. *Id.*

The actions of defendants Nurses Buchholz and Kowski require little discussion. It is undisputed that they evaluated the plaintiff, medically cleared him, and administered pain medication for the pain that he said he felt. The plaintiff avers that all of the defendants were indifferent to the plaintiff's serious medical need and deprived him of proper medical treatment while he was in pain. However, the plaintiff's conclusion that the defendants were deliberately indifferent does not make it so. *See Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002) (citing *Patterson v. Chi. Ass'n for Retarded Citizens*, 150 F.3d 719, 724 [7th Cir. 1998]) ("It is well-settled that conclusory allegations . . . without support in the record, do not create a triable issue of fact").

Based on the foregoing, the court concludes that no reasonable jury could find that the defendants acted with deliberate indifference in this case. Thus, the defendants' motion for summary judgment will be granted, and the plaintiff's motion for summary judgment will be denied.

## ADDITIONAL MATTER

On November 13, 2007, upon consideration of several discovery motions filed by the plaintiff, the court granted the plaintiff thirty days to inform the court whether the defendants answered his prior discovery requests and, if not, what they did not answer. In that regard, on December 12, 2007, the plaintiff filed a motion to supplement in which he asserts that the defendants failed to adequately answer several of his discovery requests. For example, the plaintiff states that

the defendants did not answer Interrogatory 4: "It was (2) deputy sheriffs you said (when Mr. Jenkins go up to exit the van, why did you let go of Mr. Jenkins's arm causing him fall negligently?" According to the plaintiff, the defendants responded to this interrogatory stating, "no defendant caused the plaintiff to fall. Further the plaintiff was able to stand after being helped up and he never complained about being hurt or being unable to stand." The plaintiff contends that the defendants failed to answer the question as to why the defendants let go of the plaintiff's arm.

In support of his motion to supplement, the plaintiff contends that he filed for summary judgment "as deemed just and proper." He further contends that there should be a jury trial on this matter.

Based on the plaintiff's motion to supplement, the court finds that the plaintiff has had sufficient opportunity to conduct discovery and that the defendants sufficiently responded to the plaintiff's discovery requests. The court has considered the evidence properly submitted in this case and finds that the defendants should be granted summary judgment. As such, the plaintiff's motion to supplement will be denied as moot.

## ORDER

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (Docket #40) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket #47) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement (Docket #64) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin this 11th day of February, 2008.

BY THE COURT:

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge